## HURLBURT et al. v. ERIE R. CO.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1915.)

No. 2532.

RAILROADS ⊚⟹335—CROSSING ACCIDENTS—LIABILITY—CONTRIBUTORY NEGLIGENCE.

The contributory negligence of a person struck by a train at a crossing barred a recovery, whether or not the railroad company was negligent.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1028, 1084, 1086–1088; Dec. Dig. ⊚⟹335.]

In error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Action by Guy Hurlburt and another, administrators with the will annexed of Sage Hurlburt, deceased, against the Erie Railroad Company. Judgment on a directed verdict for defendant, and plaintiffs bring error. Affirmed.

W. J. Beckley, of Ravenna, Ohio, for plaintiffs in error.
I. T. Siddall, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. In this case the plaintiffs, as administrators of Sage Hurlburt, sue the defendant for negligently running its engine and train of cars, against and over him, resulting in his death. At the close of plaintiffs' evidence, the court below directed a verdict in favor of the defendant. Plaintiffs excepted and sued out a writ of error to this court.

The only error assigned that need be noticed goes to the action of the court in directing a verdict for the defendant. The facts and cir-

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cumstances incident to the death of Sage Hurlburt, are fully stated in the opinion of the court, in Erie Railroad Co. v. Emma Hurlburt, No. 2531, 221 Fed. 907, —— C. C. A. ——, handed down to-day. We deem it unnecessary to restate them. It is sufficient to say that the reasons given for the conclusion reached in that case, applied with equal, or even greater, force here. The undisputed evidence is that while Sage Hurlburt was driving a horse and buggy along a highway, at a point where it crossed defendant's railroad, he negligently attempted to cross the track and was killed by a moving train.

We must not be understood as holding that the railroad company was free from negligence. It is not necessary to decide that question, since the negligence of the deceased, if a proximate cause of the accident, bars the right of recovery. We think that it was not error in the court below to direct a verdict for the defendant.

Affirmed, with costs.